*Ex parte* THE OVERSEERS OF THE POOR OF THE TOWN OF GATES, in the County of MONROE.

AT a previous term, a rule had been obtained to show cause, why a mandamus should not issue, to the Supervisors of the county of Monroe, commanding them to audit and allow to the Overseers of the town of Gates, in that county, the expenses which they had paid towards the maintenance of certain transient paupers, having no residence in this state.

On showing cause, it appeared that the account being presented to the board of Supervisors, they referred the matter pursuant to the 7th section of the same act, that the pauper has no settlement in this state.

to a committee, who called on the two Justices who made the several orders of maintenance upon which the disbursements claimed by the Overseers had been incurred, and ascertained that there had been no attempt towards an adjudication concerning the last legal settlement of any of the paupers, by two Justices, pursuant to the 7th section of " the act for the relief and settlement of the poor," passed April 8th, 1813. That no more had been done, in any case, than for the single magistrate, to whom the application was made, and before whom the pauper had been brought to examine him on oath concerning his last place of residence or settlement, and his circumstances ; that in several cases, no examination whatever was made, on oath, as to the settlement or circumstances of the pauper ; and that, in one case, the Justice adjudged the pauper to have no legal settlement in this state from the brogue or accent of his tongue, without any further examination.

The board rejected the accounts, on two grounds : 1. That an adjudication by two Justices was necessary.  2. That if not, there should, at least, be an examination on oath, by the single magistrate, which there had not been in several of these cases.

*I. Hills.* The counsel for the Supervisors, on showing cause, requested the Court to review what they had said on granting an alternative mandamus, in *Ex parte Dow*, (1 Cowen's Rep. 205 ;) and insisted that, although in *Adams* v. *The Supervisors of Columbia*, on which the Court in Dow's case, relied as authority, no adjudication was made by two Justices, yet the point was not distinctly raised by counsel ; nor was this circumstance expressly adverted to by the Court. He insisted that there was the same reason for requiring an adjudication of two magistrates, in order to charge the county, under the 25th section of the " act for the relief and settlement of the poor," (1 R. L. 287,) as to charge a town, within this state, under the 16th section. In neither case, did the statute expressly require an adjudication of two Justices ; but to warrant a proceeding upon the 16th section, it had been holden necessary. (*Voorhis* v. *Whipple & Hawes,*

7 John. Rep. 89.) The counsel contended that the principle of that case, was applicable to a proceeding against the county, upon the 25th section, to which the same practice should, therefore, be extended.

*Cur. adv. vult.*

WOODWORTH, J. delivered the opinion of the Court, to the following effect : In determining the question raised, he said, it is necessary to look at the provisions of three several sections of the " act for the relief and settlement of the poor," viz. the 7th, 16th and 25th, (1 R. L. 280, 284, 287.) The 7th section provides, that if any overseer of the poor shall have reason to believe that any stranger is likely to become chargeable to his town, he shall apply to two Justices, who shall examine the stranger and others, on oath, relating not only to the abilities, but the last place of his legal settlement, with a view to his removal. That section also contemplates an inquiry, by the Justices, whether the pauper be settled in this state or not : for if he have no settlement and came in by way of the city of New York, he may be sent to that city. A subsequent statute, (sess. 40, ch. 177, s. 3,) also provides, that paupers coming into this state after the passage of that act, having gained no settlement here, may, on similar a examination, be transported out of the state. These removals must, in all cases, be preceded by an adjudication as to the place of settlement, either in this state, or out of it. The 16th section provides, that if the pauper come from one town in this state, to reside in another town in this state, where, he is taken so sick, &c. that he cannot conveniently be removed, the overseers of the town, where he is taken sick, shall give notice of this fact to the overseers of the town where he is settled, &c. and request them to maintain him, &c. ; and if they do not do it, the expense of maintenance may be summarily collected of them by a warrant of distress, to be issued by two magistrates. This section, in itself, contains no provision that an adjudication of settlement shall be made before the warrant for a distress goes. But in *Voorhis* v. *Whipple & Hawes*, (7 John. Rep. 89,) this Court held, that it presup-

posed the pauper's last place of legal settlement to have been ascertained, according to the provisions of the 7th section ; and to give the 16th section any other construction, would lead to great abuse and oppression. Then comes the 25th section. This provides that when any pauper, belonging to any city or town in this state, shall apply for relief, an overseer of the poor and a Justice shall inquire into his state and circumstances ; and if it appears that he requires relief, the Justice shall give to the overseer a written order, for a weekly or other allowance. And further, the overseer and Justice are to proceed in the same manner, in relation to a pauper not having any settlement in the state, with this addition : that if they find the pauper so sick, &c. as not to be removable, or when it shall be impossible to make any order of removal, the money expended upon the order for relief, shall be a charge upon the county, to be allowed by the board of Supervisors. Upon an examination and order for relief, under this section, not accompanied by any adjudication of settlement by two Justices, the Supervisors of Monroe were moved to allow the accounts in question. To this, they demurred, appointed a committee of examination, who found that what had been done by way of inquiry as to settlement, had been conducted in a very informal and careless manner. In several cases no oath was administered ; and in one, the brogue or accent of the pauper's tongue was made the sole test of his residence.

On the whole, upon a careful examination of the several sections mentioned, we are satisfied that the case of *Voorhis* v. *Whipple & Hawes* extends, in principle, to the present case. That was an attempt to charge a neighboring town in this state, with the maintenance of a pauper settled there, but who could not be removed. For this purpose the warrant of distress, mentioned in the 16th section, was issued without a previous adjudication of two magistrates ; and on the question coming up on certiorari, the Court say, " The inducement to the enacting of the 16th section of the act for the settlement and relief of the poor, was to relieve the town where a pauper happened to be taken sick or lame, so as not to be able to be removed back to the place of his

last legal settlement; but in providing for this summary relief, to the town actually burthened with the pauper, it presupposes, that the place of his last legal settlement has been ascertained, according to the provisions of the 7th section, to wit, by an order of two Justices, making an adjudication upon the fact, after having themselves examined the pauper on oath. To give the 16th section any other construction, would lead to great abuse and oppression. Towns might be charged, if the manner of proceeding in this case is sanctioned, with the payment of large sums of money, unjustly and without the examination of the pauper himself, which is essentially requisite to find out his last legal settlement." Much of this reasoning applies to the principal case, which depends upon construction. It is admitted that there is no express statutory provision on the subject, but the several sections in question should be so construed as not to work injustice. At best, the examination must be *ex parte*, in the first instance. The trial, in one case, is upon a question of right between two towns; in the other, between a town and the county. The same solemnities should be adhered to in both cases. The powers of the single magistrate and overseer relate merely to the circumstances of the pauper, and the impropriety or impossibility of removing him. In *Dow's case*, (1 Cowen's Rep. 205,) we were moved for a mandamus upon the ground taken here. There had been a literal compliance with the terms of the 25th section, in the same manner as there appeared to have been in the previous case of *Adams* v. *The Supervisors of Columbia*, (8 John. Rep. 323,) and without entering into the subject at large, we granted an alternative mandamus. On more mature reflection we are satisfied that the impression we then entertained on the subject was wrong; and that a county cannot be charged under the 25th section, except by an adjudication of two Justices that the pauper has no settlement in this state, made pursuant to the 7th section. The rule to show cause must, therefore, be discharged.

Rule discharged.